# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **JAMAAL BERRY**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NO. 2:16-CV-409-JRG |
| | § | |
| **PILGRIM'S PRIDE CORPORATION**, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Pilgrim's Pride Corporation's ("PPC") Motion to Transfer Venue to the Lufkin Division of the Eastern District of Texas. (Dkt. No. 4). After considering the same, the Court finds that the motion should be and is **GRANTED**.

### I. BACKGROUND

On April 14, 2016, Plaintiff Jamaal Berry ("Berry") sued his employer, PPC, for injuries he allegedly suffered while working at PPC's Nacogdoches plant. (Dkt. No. 1 at 2). On May 20, 2016, PPC filed this motion to transfer venue to the Lufkin Division. (Dkt. No. 4).

### II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). These standards apply equally to cases where a defendant seeks to transfer to another division within the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

## II.    ANALYSIS

Transfer to the Lufkin Division is appropriate because the only connection between this case and the Marshall Division is Berry's choice to file here. Furthermore, the public and private factors either weigh in favor of the Lufkin Division or are neutral.

**A.    The Suit Could Have Been Brought in the Lufkin Division**

The preliminary inquiry in the 1404(a) analysis is whether the lawsuit could have been brought in the division to which the movant seeks a transfer. *In re Volkswagen I*, 371 F.3d at 203. Here, the parties do not dispute that suit could have been brought in the Lufkin Division. At

a minimum, it appears that the Lufkin Division is one in which "a substantial part of the events or omissions giving rise to the claim occurred," given that Berry's alleged injury occurred at PPC's plant in the Lufkin Division. *See* 28 U.S.C. § 1391(b)(2). Therefore, the lawsuit could have been brought in the Lufkin Division.

**B.     Private Factors**

As a preliminary matter, Berry argues that "the Plaintiff's choice of forum is the primary factor to be considered in determining motions under section 1404(a)." (Dkt. No. 4 at 4) (citing *Box v. Ameritrust Tex., N.A.*, 810 F. Supp. 776, 781 (E.D. Tex. 1992)). However, the Fifth Circuit has more recently noted that the plaintiff's choice of forum is not an independent factor in the 1404(a) analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, the "plaintiff's choice of forum is to be treated as a burden of proof question." *Id.* (quotations omitted). Accordingly, Berry's choice to file his lawsuit in the Marshall Division simply allocates to PPC the burden to show good cause for transfer to the Lufkin Division. *See id.*

*1.     Relative Ease of Access to Sources of Proof*

Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be a private interest factor to be considered. *See Volkswagen II*, 545 F.3d at 316. Here, PPC argues that all relevant sources of proof are located in the Lufkin Division. According to PPC, many of the relevant documents, including documents regarding "Plaintiff's injury, Plaintiff's training, records of on the job medical treatment and examinations, work evaluations, Plaintiff's payments for work performed and other records" will be located at PPC's plant in the Lufkin Division. (Dkt. No. 4 at 3). Additionally, PPC argues that because the alleged injury occurred at PPC's plant in the Lufkin Division, "[a]ny site inspection,

3

and any relevant safety gear, equipment, or other tangible objects will thus be located [in] the Lufkin Division." (Dkt. No. 9 at 4).

Despite clear Fifth Circuit precedent to the contrary, Berry responds by arguing that "the location of documents is not considered a particularly salient factor in a section 1404(a) motion because documents can be easily scanned and emailed, photocopied, electronically copied, and transported from their place of storage to the litigation location." (Dkt. No. 8 at 11). Berry proceeds to argue that this factor favors the Marshall Division because "it is anticipated that the bulk of relevant documents will be located in the offices of Plaintiff's counsel and Plaintiff's healthcare providers, all of which are in closer proximity to the Marshall Division." (*Id.*).

This factor weighs in favor of transfer because a majority of the documents and physical evidence are located in the Lufkin Division. PPC has identified multiple relevant sources of proof, each of which is located in the Lufkin Division. Berry, on the other hand, "anticipate[s]" that "the bulk of relevant documents" will be located at the office of his physicians in Tyler and the office of his lawyers in Carthage. (Dkt. No. 8 at 11, 15; 9 at 4). Berry does not specify what types of "relevant documents" he anticipates will be located in the Tyler Division. Nevertheless, Berry's contention that relevant documents will be located at the office of his physicians (presumably medical records) is plausible. However, the fact that some of Berry's "relevant documents" may be located at the offices of his lawyers should not be factored into the venue analysis. *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (indicating that "location of counsel" is "irrelevant and improper for consideration in determining the question of transfer of venue"). Notably, Berry identifies no relevant sources of proof in the Marshall Division. Therefore, the parties have collectively identified multiple sources of proof in the

Lufkin Division and one source of proof in the Tyler Division. Accordingly, this factor weighs in favor of transfer.

       2.     *Availability of Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316. Federal Rule of Civil Procedure 45 provides that a Court has subpoena power over a witness to compel the witness's attendance at a trial or hearing within 100 miles of the witness's residence, place of employment, or regular place of business. Fed. R. Civ. P. 45(c)(1)(A). Additionally, a Court may compel a person to attend a trial or hearing within the state in which the person resides, is employed, or regularly transacts business if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Additionally, a court has nationwide subpoena power to order third-party witnesses to attend deposition, so long as the deposition is to take place within 100 miles of the witness's residence or regular place of business. Fed. R. Civ. P. 45(a)(2), 45(c)(1)(A); *see VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2:13-CV-00011-JRG, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014).

Here, all of the likely witnesses appear to be within the Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1). PPC identifies four employees who reside in Angelina County and Nacogdoches County as likely fact witnesses. (Dkt. No. 9 at 3). Berry fails to specifically identify any potential witnesses who would not be subject to the subpoena power of this Court or the Lufkin Division. Instead, Berry alleges that "the proximity of the residency of the Plaintiff and the Plaintiff's wife, friends, and family members who may testify at trial, is no more

5

convenient to Lufkin, Texas than to Marshall, Texas." (Dkt. No. 8 at 7). Berry adds that "the majority of Plaintiff's healthcare providers are in closer proximity to the Marshall Division than the Lufkin Division." (*Id.*). However, Berry does not argue that any of these potential witnesses would not be subject to either court's subpoena power. Accordingly, because it appears that "all of the likely witnesses in this case are within the subpoena power of either court" this factor is neutral. *See In re Radmax*, 720 F.3d at 288.

*3. Cost of Attendance for Willing Witnesses*

The third private interest factor is the cost of attendance for willing witnesses. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. As the Fifth Circuit has emphasized, this factor does not lose all relevance when the movant seeks to transfer to a venue within 100 miles of the court from which transfer is sought. *In re Radmax*, 720 F.3d at 288–89. Indeed, the Fifth Circuit recognized that even transfers within 100 miles can impose costs on the witnesses, and that these costs should be factored into the analysis. *Id.* at 289.

As discussed above, PPC has identified four employee witnesses, each of whom resides in the Lufkin Division. (Dkt. No. 9 at 3; 9-1). For each of these witnesses, PPC argues that Lufkin is more convenient than Marshall. (Dkt. No. 9 at 4). Berry, on the other hand, has not indicated where any of his potential fact witnesses live. Instead, he has simply declared that the Lufkin Division is "no more" convenient to the witnesses than the Marshall Division. (Dkt. No. 8 at 7). Berry has also identified his treating physicians as potential expert witnesses. (Dkt. No. 8 at 7). These physicians are located in Tyler, and therefore Berry contends that the Marshall Division is more convenient for them.

As an initial matter, the Court recognizes that the convenience of expert witnesses weighs

6

little in the venue analysis. *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 669 (S.D. Tex. 1999). Therefore, the Court discounts the convenience of Berry's physicians residing in Tyler. The remaining identified witnesses are four employees of PPC, for whom the Lufkin Division is more convenient, and certain "friends and family members" identified by Berry, for whom the Lufkin Division and Marshall Division are equally convenient. Like expert witnesses, some courts have recognized that "[w]hen the key witnesses are employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *Id.* If that approach was followed in this case, then the convenience of PPC's employees would be discounted and this factor would be neutral because the Marshall and Lufkin Divisions are equally convenient for the only remaining witnesses to be considered (the "friends and family members" identified by Berry). However, in a case such as this, where neither party has identified a witness who would not be subject to the Court's subpoena power, it makes little sense to discount the convenience of employee witnesses simply because the Court can "compel their testimony at trial." Indeed, such an approach would abrogate this factor from the analysis when the Court can compel the testimony of all identified witnesses trial.

Nevertheless, the Court need not explicitly determine whether this factor is neutral or rather weighs in favor of transfer. What is clear is that the factor does not weigh against transfer.

   *4.    All Other Practical Problems*

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." "Practical problems include those that are rationally based on judicial economy." *Eolas Technologies, Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 Fed. App'x 295 (Fed. Cir.

7

2011). The Fifth Circuit has clarified that "the garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

Here, neither party specifically identifies "practical problems" based on judicial economy which would make trial of the case in either the Marshall or Lufkin more or less expeditious. Therefore, this factor has no bearing on the transfer analysis. *See id.* (indicating that when neither party addresses a factor in detail, the court should properly conclude that the factor is neutral).

**C.** **Public Factors**

   *1.* *The Administrative Difficulties Flowing From Court Congestion*

PPC "contends there are no problems of court congestion or of any administrative difficulties associated with a transfer to Lufkin." (Dkt. No. 4 at 4). Similarly, Berry recognizes in his response to PPC's Motion to Transfer, "[t]here is no evidence before this Court that docket congestion is different between the Marshall Division and the Lufkin Division, or that a transfer would affect the docket case load dramatically." (Dkt. No. 8 at 13). Like the court in *Radmax*, this Court is "unaware of any administrative difficulties that would arise from transferring or retaining this case." *In re Radmax*, 720 F.3d at 289. Accordingly, this factor is neutral. *Id.*

   *2.* *The Local Interest in Having Localized Interests Decided at Home*

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Here, the Lufkin Division's local interest in the litigation is substantial. As discussed above, Berry is a resident of Shelby County, which is located in the Lufkin Division. (Dkt. No. 1 at ¶ 1). PPC maintains a plant in Nacogdoches, which is also in the Lufkin Division. (Dkt. No. 1 at ¶ 5). Berry's injury occurred

during the course of his employment at said plant in the Lufkin Division. (*Id.*). Many of the fact witnesses who have been identified (PPC's four employees, Berry himself, and presumably Berry's wife) reside in the Lufkin Division. (Dkt. No. 9-1; Dkt. No. 8 at 7; Dkt. No. 1 at ¶ 1). Therefore, both parties have a substantial connection to the Lufkin Division, the alleged injury which forms the basis of this lawsuit occurred in the Lufkin Division, and many of the witnesses reside in the Lufkin Division. Indeed, aside from the filing of this suit, the Court is unaware of a single fact which ties this case to the Marshall Division. Berry's argument that "the issues involved in this case are of similar interest to all Texans" lacks support, and similar arguments have been rejected by the Fifth Circuit. *See In re Volkswagen II*, 545 F.3d at 318. Therefore, this factor weighs heavily in favor of transfer.

3. *The Familiarity of the Forum With the Law That Will Govern the Case*

Neither party argues that either the Marshall Division or the Lufkin Division lacks familiarity with the law that will govern in this case. Therefore, this factor is neutral. *See In re Radmax*, 720 F.3d at 289.

4. *The Avoidance of Unnecessary Problems of Conflict of Laws or in Application of Foreign Law*

Neither party argues that there will be a conflict of laws problem or a problem with the application of foreign law to this case. Therefore, this factor is neutral. *See id.* at 289–90.

### III. Conclusion

In sum, the relative ease of access to sources of proof and the local interest in having localized interests decided at home weigh in favor of transfer. The cost of attendance for willing witnesses either weighs in favor of transfer or is neutral. No factor weighs against transfer, and the remaining factors are neutral. This Court is aware of the "inadvisability of denying transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no

9

connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *See Radmax*, 720 F.3d at 290. Therefore, PPC has carried its burden to demonstrate that the Lufkin Division of the Eastern District of Texas is a "clearly more convenient forum." *In re Volkswagen II*, 545 F.3d at 315.

For the reasons stated above, PPC's Motion to Transfer Venue to the Lufkin Division of the Eastern District of Texas (Dkt. No. 4) is **GRANTED**.

**So Ordered this**
**Oct 19, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE